Case No. 8:18-CV-02225-DOC-KES            Date: May 17, 2019

Title: TROY BATES v. BLUE SHIELD OF CALIFORNIA

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):    ORDER REMANDING THE ACTION AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [13]

Before the Court is Defendant California Physicians' Service dba Blue Shield of California's ("Defendant" or "Blue Shield") Motion to Dismiss Plaintiff's First Amended Complaint ("Motion") (Dkt. 13). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court REMANDS action to the Superior Court, County of Orange and DENIES AS MOOT Defendant's Motion to Dismiss.

**I. Background**

The Court adopts the facts as set out in Plaintiff Troy Bates's ("Plaintiff") First Amended Complaint ("FAC") (Dkt. 12).

On or around September 4, 2014, Plaintiff purchased a health insurance policy from Defendant, associated with Policy Number 901,633,256. FAC ¶ 8. On or around October 27, 2016, Plaintiff was in a motorcycle accident where he sustained injuries to his hip and wrist. *Id.* ¶ 11. Plaintiff was transported to the University of California Irvine Medical Hospital ("UCI") for treatment. *Id*. On or around October 28, 2016, Plaintiff notified Defendant of the accident. *Id*. ¶ 12. On that same date, Defendant denied Plaintiff's benefits, advising Plaintiff that UCI was outside of network. *Id*. On or around October 31, 2016, Plaintiff was then transported from UCI to Fountain Valley Hospital. *Id*. During his stay at Fountain Valley Hospital, Plaintiff alleges that he developed red bumps on his skin, that the dressing on his cast was not changed, and that ultrasound was never ordered to determine whether Plaintiff had any blood clots at the time. *Id*. On November 6, 2016, Plaintiff was transported back to UCI and underwent surgery for his hip and wrist on November 7, 2016. *Id*. On November 11, 2016, Plaintiff was released from UCI. *Id*.

Plaintiff alleges that Defendant's "delay caused Plaintiff increased medical costs due to Plaintiff's protracted treatment period," including "the completely unnecessary Fountain Valley treatment, which cost Plaintiff approximately $24,000.00." *Id*. ¶ 13. Plaintiff alleges that Defendant owes him money for medical services denied and delayed under his health insurance plan. *Id*.

## II. Procedural History

Defendant removed this action to federal court on December 14, 2018 on the grounds of federal question jurisdiction (Dkt. 1). Plaintiff filed the operative First Amended Complaint ("FAC") on February 14, 2019 (Dkt. 12). The FAC alleges six causes of action: (1) bad faith; (2) breach of contract / breach of the covenant of good faith and fair dealing in contract; (3) promissory fraud; (4) breach of fiduciary duty; (5) punitive and exemplary damages; and (6) attorney fees.[1] Defendant filed the instant motion on December 31, 2019 ("Motion") (Dkt. 13). Plaintiff opposed on March 8, 2019 ("Opposition") (Dkt. 16), and Defendant replied on March 18, 2019 ("Reply") (Dkt. 17).

## III. Legal Standard

### A. Motion to Dismiss

---

[1] Plaintiff's fifth cause of action for "punitive and exemplary damages" and sixth cause of action for "attorney fees" are remedies, not separate causes of action. *See Dr. Franklin Perkins School v. Freeman*, 741 F.2d 1503, 1524 (7th Cir. 1984) ("Punitive damages are not an independent cause of action. They represent a specific type of relief").

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Dismissal with leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

**B. Remand of an Action**

Federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because 28 U.S.C. § 1447(c) contains the word "shall," not the word "may," the court is powerless to hear the case when it lacks subject matter jurisdiction, and must remand the case to the state court. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) ("[A] finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c).").

## IV. Discussion

Defendant moves to dismiss Plaintiff's FAC for failure to state a claim. Mot. at 2. Defendant argues: (1) all of Plaintiff's claims are preempted by the federal Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001; and (2) Plaintiff's second and fourth claims do not sufficiently state a claim under ERISA because Plaintiff alleges them as state law claims. *Id*. at 4–11. In response, Plaintiff argues his second claim for breach of contract pleads a "denial for benefits" claim under ERISA § 502(a)(1)(B), and that his fourth claim for breach of fiduciary duty pleads a "non-benefits claim" pursuant to ERISA § 502(a)(3). *See generally* Opp'n.

### A. Plaintiff's Second Claim

Defendant argues that Plaintiff's second claim is preempted as a denial of benefits claim under ERISA. Mot. at 4–7. Plaintiff counters that his second claim for relief, entitled "Breach of Contract/Breach of the Covenant of Good Faith and Fair Dealing in Contract," adequately alleges a "denial for benefits" claim under ERISA § 502(1)(1)(b)Opp'n at 6–8.

To state a claim for "denial of benefits" under ERISA, a plaintiff must allege (1) the existence of an ERISA plan, and (2) that "the provisions under the plan that entitle [him] to benefits." *Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.*, 2011 WL 2748724, at *5 (N.D. Cal. July 13, 2011); *accord Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1557-58 (C.D. Cal. 2015) (citing *Forest Ambulatory* for same proposition).

The FAC alleges that "Plaintiff is entitled to an order granting benefits that would be due under lawful plan terms and provisions, 'but for' the defendants' statutory breach and violation pursuant to federal law and ERISA law including but not limited to ERISA

section 502(a)(1)(B)." FAC ¶ 37. These vague and conclusory allegations are insufficient to state a claim for "denial of benefits" under ERISA, as Plaintiff fails to allege the provisions of the policy that entitle him to his claimed benefits. *See Korman v. ILWU-PMA Claims Office*, 2019 WL 1324021, at *12 (C.D. Cal. Mar. 19, 2019) (dismissing plaintiff's complaint where the complaint was "entirely deficient in identifying any provisions of the ERISA Plan which confer the benefits [p]laintiff allegedly seeks to recover."). Accordingly, Plaintiff's second claim does validly state a claim for relief in this Court.

### B. Plaintiff's Fourth Claim

Defendant likewise argues that Plaintiff cannot maintain his fourth claim because it is a state law cause of action and is thus preempted by ERISA. Mot. at 5–8. Plaintiff contends that his fourth claim for relief for breach of fiduciary duty adequately states a claim under ERISA. Opp'n at 8. The FAC alleges that "at all relevant times the relationship between defendant and plaintiff created a fiduciary duty" that existed "at common law and under federal law including ERISA section 502(a)(3)." FAC ¶ 60.

ERIA Section 502(a)(3) provides, in relevant part, that a civil action may be brought "to enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan, or to obtain other *appropriate* equitable relief…" *See* 29 § U.S.C. 1132(a)(3) (emphasis added). In *Varity Corporation v. Howe*, 516 U.S. 489, 515 (1996), the Supreme Court held that the reference in § 502(a)(3) to "appropriate" equitable relief signifies that equitable relief is not be available where the alleged wrongful acts by an opposing party are otherwise remediable. *See Vanity Corp.*, 516 U.S. at 515. Similarly, the Ninth Circuit has consistently held that equitable relief under § 502(a)(3) is not "appropriate" where another section of ERISA provides an adequate remedy. *See Forsyth v. Humana*, 114 F.3d 1467, 1475 (9th Cir. 1997) (finding that equitable relief under § 502(a)(3) is not "appropriate" where § 502(a)(1) provides an adequate remedy).

Here, Plaintiff's claim for breach of fiduciary duty seeks the same remedies as his § 502(a)(1)(B) "denial of benefits" claim. *Compare* FAC ¶ 37 ("Plaintiff is entitled to an order granting benefits that would be due under lawful plan terms and provisions … [p]laintiff is entitled to the benefits that plaintiff was entitled to had defendants complied with their fiduciary duties") *with* FAC ¶ 65 ("Plaintiff seeks all equitable and injunctive relief available including an order for payment by Defendants to plaintiff for money expended by plaintiff… as if the treatment plaintiff received had been covered and an order requiring Defendants to make whole, all entities to whom plaintiff owes a debt for treatment."). Thus, Plaintiff's breach of fiduciary duty claim is barred because it is

redundant of his "denial of benefits" claim pursuant to § 502(a)(1)(B). *See Forsyth*, 114 F.3d at 1475. Accordingly, the fourth claim does not adequately state a claim for relief in this Court.

### C. Lack of Jurisdiction and Remand

As noted above, Plaintiff's second, fourth, fifth, and sixth claims do not adequately state a claim for relief before this Court. In addition, the FAC contains the first claim for breach of the covenant of good faith and fair dealing, and the third claim for promissory fraud or deceit. *See generally* FAC. Plaintiff's first claim is brought for "California insurance breach of contract in tort for insurance bad faith," and Plaintiff's third claim is brought pursuant to Cal. Civ. Code § 1709 & 1710. *See* Opp'n at 1–2. As such, the Court finds that the claims in the FAC arise under state law, and do not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court thus lacks subject matter jurisdiction, [and] the case shall be remanded." 28 U.S.C. § 1447(c). The Court does not have subject matter jurisdiction over this case, arising under state law, and accordingly the Court REMANDS the action to the state court.

## IV. Disposition

For the aforementioned reasons, Court REMANDS the instant action to the state court. Defendant's Motion to Dismiss is thus DENIED AS MOOT.

The Clerk shall serve this minute order on the parties.